Maria E. Andrade, ISB 6445
Benjamin E. Stein, ISB 9306
ANDRADE LEGAL
P.O. Box 2109
Boise, ID 83701
(208) 342-5100 tel.
(208) 342-5101 fax
mandrade@andradelegal.com
bstein@andradelegal.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| Senobio PADILLA-ARREDONDO<br><br>PLAINTIFF<br><br>vs.<br><br>**KIERAN DONAHUE,** SHERIFF OF CANYON COUNTY; **CANYON COUNTY**<br><br>in their official capacities,<br><br>DEFENDANTS | Civil No. _____<br><br>**COMPLAINT**<br><br>Agency File. No.:   A206-236-806 |

COMPLAINT   1

I. **JURSIDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1343, and Article III of the United States Constitution.

2. This Court has jurisdiction over the plaintiff's Idaho state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) as they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

4. An actual controversy has arisen and now exists between the plaintiff and the defendants.

II. **PARTIES**

5. The plaintiff is a resident of Idaho.

6. Defendant Canyon County is a political sub-division of the state of Idaho.

7. Defendant Kieran Donahue is the sheriff of Canyon County.

8. Defendant Donahue is sued in his official capacity.

III. **FACTUAL ALLEGATIONS**

9. Defendants operate the Canyon County Jail in Canyon County, Idaho.

10. Defendants have custody and control of all persons confined in the Canyon County Jail and are responsible for the day-to-day operations of the Canyon County Jail.

11. On or about January 22, 2016, the plaintiff was booked into the Canyon County Jail based upon a probable cause arrest.

12. On or about January 22, 2016, the plaintiff was charged with Driving Under the Influence (I.C. § 18-8004C) and the plaintiff was granted a $1,250 bond.

13. While the plaintiff was in the defendants' custody, plaintiff inquired on more than one occasion about release upon payment of a bond.

14. While the plaintiff was in the defendants' custody, the plaintiff's spouse inquired on more than one occasion about the ability to pay the plaintiff's bond at the Canyon County Jail.

15. On or about January 22, 2016, the plaintiff's spouse called defendants to find out how she could pay the plaintiff's bond and was provided general instructions, and the bond amount.

16. On or about January 22, 2016, when the plaintiff's spouse arrived at the Canyon County Jail, she was told that she could not pay pre-trial bond.

17. On or about January 25, 2016, the plaintiff pleaded guilty to the charged offense and the court set a bond of $5,000, and a sentencing date of March 10, 2016.

18. The plaintiff again inquired of the defendants about his ability to be released upon the payment of a bond.

19. On or about January 25, 2016 the plaintiff's spouse went to Canyon County Jail in an attempt to pay the bond and was dissuaded from doing so in a conversation with a bail bondsman who conveyed to her that Canyon County would not accept the bond.

20. On March 8, 2016, the plaintiff's spouse again went to the Canyon County Jail in an attempt to pay his bond. Defendants again told her that she could not pay

the plaintiffs bond. After doing so, they told her to call Immigration and Customs Enforcement (ICE), an agency of the Department of Homeland Security (DHS), and gave her a telephone number.

21. When attempting to pay the plaintiff's bond on March 8, 2016, the plaintiff's wife also attempted to present a letter and other documents to the defendants related to the defendant's detention authority over the plaintiff. The defendants refused to accept the letter and the other documents the plaintiff's wife presented.

22. On March 8, 2016, after the plaintiff's wife was unable to post the plaintiffs bond, the plaintiff tendered the documents that his wife unsuccessfully attempted to present to the defendants through counsel.

23. On or about March 10, 2016, the plaintiff resolved his criminal matter.

24. On or about March 10, 2016, Immigration and Customs Enforcement (ICE), lodged an immigration detainer (Form I-247D) relating to the plaintiff with the Canyon County Jail.

25. The immigration detainer indicated that ICE had determined that the [plaintiff] is an immigration enforcement priority because he has been convicted of a "significant misdemeanor" as defined under DHS policy and requested that the Canyon County Jail maintain custody of the plaintiff "for a period not to exceed 48 hours beyond the time when the [plaintiff] would have otherwise been released from your custody" to allow DHS to take custody of plaintiff.

26. The immigration detainer indicated that there was no prior detainer related to the subject that was previously submitted to defendants.

27. The immigration detainer was dated March 10, 2016.

28. On March 10, 2016, ICE apprehended the plaintiff.

29. Defendants confined plaintiff from January 22, 2016 to March 10, 2016.

30. Defendants intended to confine the plaintiff and intentionally did so.

31. Plaintiff was aware of his confinement in the Canyon County Jail from January 22, 2016 to March 10, 2016.

32. At all relevant times, defendants were aware that the plaintiff had been granted a bond.

33. During the course of his incarceration, the defendants did not provide plaintiff any opportunity to challenge his continued detention.

34. During the course of his incarceration, the defendants refused to permit the plaintiff's spouse to post any bond.

35. During the course of his incarceration, the defendants refused to otherwise facilitate the plaintiff's release from custody at any time before March 10, 2016.

36. At all times relevant to this complaint, defendants were aware of the unlawful nature of restraining the plaintiff's liberty.

37. The ICE agency of DHS is only allowed to issue detainers, (Form I-247), in accordance with the authority granted to them pursuant to the Immigration and Nationality Act (INA).

38. Neither ICE nor any of its subdivisions issued a Notice to Appear (NTA), administrative warrant for arrest (form I-200), or any other charging document in conjunction with the detainer (Form I-247).

39. The defendants did not ensure that ICE made an individualized finding of the plaintiff's flight risk before a neutral, detached judicial officer at any time.

40. The defendants did not ensure that ICE secured a judicial determination of probable cause authorizing the plaintiff's arrest and detention at any time.

41. The defendants did not ensure that ICE or any immigration agency provided the plaintiff with the opportunity to contest any request that defendants detain the plaintiff while plaintiff was an inmate at the Canyon County Jail.

42. The defendants did not provide the plaintiff the opportunity to contest the defendants' decision to continue his detention without allowing him to post any bond.

43. The plaintiff had then and does not have now, any means to challenge the validity of defendants' decision to continue his detention without allowing him to post any bond.

44. Based upon information and belief, the defendants have a policy, practice, or custom of detaining inmates solely due to a suspicion of the inmate's immigration status.

45. Defendants have a policy, practice, or custom of detaining inmates solely due to the request of an immigration official or agency to hold an individual beyond the period when the inmate would otherwise be released.

46. Defendants have a policy, practice, or custom of detaining inmates solely due to a detainer issued by DHS.

47. Because of each of the defendants' acts complained of herein, the plaintiff has suffered loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, stress, and other harm in an amount to be determined at the time of trial.

## IV.   CLAIMS FOR RELIEF

### Fourteenth Amendment (Due Process): 42 U.S.C. § 1983

48. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs.

49. Without any basis in state or federal law, defendants denied the plaintiff the opportunity to be released by posting bail, thus depriving him of his liberty without due process of law.

### Fourth Amendment (Unlawful Seizure): 42 U.S.C. § 1983

50. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs.

51. Defendants continued to detain the plaintiff without any basis in law by refusing to allow him, or his wife, to post his bond.

52. Defendants continued to detain the plaintiff without any basis in state law by dissuading his wife from paying his bond, depriving him of his liberty.

53. There is no lawful order or process underlying the defendant's decision to arrest and continue to detain the plaintiff after he would have otherwise been released.

### False Arrest & Imprisonment (Idaho law)

54. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs.

55. By the exercise of force, express or implied, defendants imprisoned the plaintiff without legal authority and in violation of Idaho law by detaining him after he would have otherwise been released, and otherwise creating conditions that would not permit him to be released.

56. By the exercise of force, express or implied, defendants intentionally arrested the plaintiff without legal authority by detaining him after he would have otherwise been released, and otherwise creating conditions that would not permit him to be released.

57. Defendants acts of arresting and imprisoning the plaintiff beyond the time when he would otherwise be released were taken against his will and without his consent.

### V.    PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

58. On his first claim, grant him compensatory damages in an amount to be determined at the time of trial.

59. On his second claim, grant him compensatory damages in an amount to be determined at the time of trial;

60. On his third claim, grant him his non-economic losses in an amount to be determined at the time of trial;

61. As to all claims grant him any other damages as authorized by law in an amount to be determined at the time of trial.

62. As to all claims grant him his cost and attorneys' fees pursuant to 42 U.S.C. § 1988; and

63. Grant him such other relief as this Court deems just and proper.

Dated this 19th day of January 2018

                                              ____/S/Maria E. Andrade_____
                                              Maria E. Andrade
                                              Andrade Legal
                                              Of Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th of January 2018, the foregoing COMPLAINT FOR DAMAGES was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

　　　　　　　　　　　　　　　　　　__/S/Maria E. Andrade_____
　　　　　　　　　　　　　　　　　　Maria E. Andrade