IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SENOBIO PADILLA-ARREDONDO, <br><br> Plaintiff, <br><br> v. <br><br> KIERAN DONAHUE, SHERIFF OF CANYON COUNTY; CANYON COUNTY, in their official capacities, <br><br> Defendants. | Case No. 1:18-CV-025-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiff's application to proceed without payment of fees. For the reasons explained below, the Court will grant the application.

## ANALYSIS

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or a portion thereof, will be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, plaintiff's Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

**Memorandum Decision & Order - 1**

In this case, plaintiff complains that he was detained for about two months in the Canyon County jail despite his frequent attempts to tender the full amount of the bond ordered by the court to secure his release. He has named as defendants Canyon County, and Kieran Donahue, the Canyon County Sheriff, in his official capacity only. The complaint has three counts, two brought under § 1983 and the third brought under Idaho law. The first two counts are for violation of plaintiff's constitutional rights to due process and to be free of unreasonable seizure; his third claim is for false arrest and imprisonment under Idaho law. On his first two claims, he seeks compensatory damages while on his third claim he seeks "non-economic losses."

The Court cannot find that this action is frivolous or seeks monetary relief from a defendant who is immune from liability. *See Eason v. Clark County,* 303 F.3d 1137, 1141 (9th Cir. 2002) (holding that Eleventh Amendment immunity does not extend to counties). However, the action against Sheriff Donahue in his official capacity as Canyon County Sheriff is essentially an action against Canyon County, rendering duplicative the action against both him and the County. *See Brandon v. Holt,* 469 U.S. 464, 471-72 (1985). Thus, dismissal of Sheriff Donahue is warranted, and the Court will so order.

The plaintiff's affidavit establishes his indigency and so the Court will waive the filing fee.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Application to Proceed in Forma Pauperis (docket no. 2) is GRANTED.

IT IS FURTHER ORDERED, that defendant Kieran Donahue, Sheriff of Canyon County, be DISMISSED as a party defendant.

IT IS FURTHER ORDERED, that the Clerk shall randomly reassign this case to a Magistrate Judge.

DATED: February 7, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge